Let the rule be made absolute.

Eastern Dist.
*June*, 1838.

MERCHANTS'
INS. CO.
*vs.*
BARROSO.

thus designated by the district judge, can perform only ministerial duties, and that the confirmation of a natural tutor and under tutor, together with the homologation of proceedings in the settlement of successions, are judicial acts, to be performed by the district judge.

---

MERCHANTS' INSURANCE COMPANY *vs.* BARROSO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Emancipated minors are not exempted from arrest, for debts legally contracted by them, after their emancipation.

Where the evidence leaves a question of minority doubtful, and justice requires it, the case will be remanded.

In this case, the defendant, a resident of Havana, was sued and arrested in New-Orleans, in an action of debt, and fraud was alleged.

The defendant's counsel took a rule on the plaintiffs, to show cause why the order of arrest should not be set aside,

EASTERN DIST.
*June*, 1838.

MERCHANTS'
INS. CO.
*vs.*
BARROSO.

and he discharged from custody, on the ground that he was a minor.

On hearing the evidence, the district judge was satisfied that the defendant was a minor, and rendered judgment discharging him, from which the plaintiffs appealed.

*J. Slidell,* for the plaintiffs.

*Roselius* and *M'Millen,* for the defendant.

*Carleton, J.,* delivered the opinion of the court.

The district judge at the instance of the plaintiffs in this case, gave the following order: "It is ordered that the defendant, Antonio Barroso, be arrested and held in custody until he shall give security in manner and form as the law directs."

It is alleged, that Barroso is under age, and the only question raised for our solution. is, whether his minority shall protect him from arrest.

After hearing the witnesses, the court thought his minority was fully established, and ordered him to be discharged from the custody of the sheriff. The plaintiffs appealed.

It is provided by acticle 211 of the Code of Practice, that " minors of both sexes, whether emancipated or not, interdicted persons and women, married or single, cannot be arrested."

Emancipated minors are not exempted from arrest, for debts legally contracted by them after their emancipation.

This law has been amended by section 7th of the laws of 1826, page 168, which declares, " that so much of article 211, as goes to exempt from arrest emancipated minors for debts legally contracted by them after emancipation, be repealed."

It appears, that the defendant, who is a Spanish subject, and citizen of Havana, entered into a contract of insurance with the plaintiffs, through his agents, residing in New-Orleans, and that lie is charged in the petition with fraud, in having twice insured the same merchandize, and receiving. their double value when the goods were lost.

The plaintiffs, no doubt, transacted in good faith with the defendant, who, though the testimony raises a belief of his

minority, may, nevertheless, have been emancipated by the laws of his own domicil, or otherwise qualified to engage in commerce, in all respects of full age.

We do not feel altogether satisfied, therefore, to pronounce definitely upon the point in question, in the present state of the proceedings, but think, that justice requires the cause should be sent back for further information, upon both the law and facts of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that this case be remanded for further proceedings according to law, and that the appellee pay the costs of this appeal.

EASTERN DIST.
June, 1838.

MERCHANTS'
INS. CO.
vs.
BARROSO.

Where the evidence leaves a question of minority doubtful, and justice requires it, the case will be remanded.